**UNITED STATES v. JURGENSON et al.**

District Court, D. Massachusetts.  April · 5, 1929.

No. 8187.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass.

Alfred R. Shrigley, of Boston, Mass., for defendants.

MORTON, District Judge.  This indictment is demurred to generally on the ground that it does not charge the offense with sufficient particularity.  In substance the indictment amounts to this: That the defendants at a certain place and date within the district knowingly conspired to commit the offenses denounced by a specified section of the National Prohibition Act (27 USCA), it being the object of the conspirators knowingly and unlawfully to possess, transport, and sell intoxicating liquor at Boston; various overt acts are alleged, consisting of the delivery or shipment of intoxicating liquor to specified persons on specified dates and the forwarding by the conspirators of certain specified letters.

The present indictment is similar to those which for a number of years have been used in conspiracy cases in this district.  It is drawn on the same form which was held good against demurrer—though this particular ground of demurrer was not expressly alleged—in Weinstein v. United States (C. C. A.) 11 F. (2d) 505, C. C. A. 1.  In that case, upon motion of the defendant, the government filed detailed specifications fully describing the alleged conspiracy; and such is the common practice.  See Dunbar v. United States, 156 U. S. 185, 192, 15 S. Ct. 325, 39 L. Ed. 390.  The gist of a charge of conspiracy is the association for an unlawful purpose.  Both of these elements are explicitly alleged in the present indictment.  The defendant's objection is not that an essential element in the charge is lacking, but that the conspiracy is not sufficiently described for him to prepare his defense to the charge.  His rights can be fully protected by a bill of particulars; and it is better practice for details to be furnished in that way than by setting them out in the indictment itself.

Demurrer overruled.